## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH THOMAS, | ) | |
| | ) | Crim. Action No. 15-256 |
| Petitioner, | ) | |
| | ) | Related to:  Civil Action No. 21-1028 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM ORDER

Pending before the Court is Petitioner's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 ("Motion") (Doc. 1099) filed at Criminal Action No. 15-256 and at Civil Action No. 21-1028.[1]  For the reasons stated by the Government in opposition ("Response") (Doc. 1122), which are incorporated by reference herein, the Motion will be denied.

### BACKGROUND

The Court writes exclusively for the parties and therefore sets forth only those facts that are necessary to the disposition of Petitioner's Motion.

On December 2, 2015, Petitioner Keith Thomas was charged with two counts: conspiracy to distribute and possess with intent to distribute cocaine (Count 1) and possession with intent to distribute cocaine (Count 6).  After a jury trial, where Petitioner was tried along with a co-defendant, Petitioner was found guilty of both charges.  Doc. 989.  On January 16, 2019,

---

[1] Petitioner failed to timely file a statement of intent (pursuant to the Court's Order on the Government's Motion at Doc. 1102) and as such, the Government was ordered to respond to the Petitioner's Motion as filed (Doc. 1107).

Petitioner was sentenced to 120 months imprisonment with credit for time served and 3 years supervised release, running concurrently on both counts. Doc. 1024. Petitioner appealed his sentence. The Court of Appeals for the Third Circuit affirmed his conviction. United States v. Thomas, 815 F. App'x 671 (3d Cir. 2020).

**ANALYSIS**

I.   Need for Evidentiary Hearing

The Court need not hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the record conclusively shows that the petitioner is not entitled to relief. U.S. v. Ritter, 93 F. App'x 402 (3d Cir. 2004); 28 U.S.C § 2255. Under this standard, a hearing is unnecessary in this case.

II.   Petitioner's Claims

Petitioner moves to vacate his sentence pursuant to 28 U.S.C. § 2255. Such relief is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Petitioner posits four grounds for relief: (1) ineffective assistance of trial counsel for failure to dispute the meaning of "logo," which resulted in a higher sentence that he deserved; (2) ineffective assistance of trial counsel for failing to present a buyer-seller relationship defense; (3) ineffective assistance of trial counsel for failing to challenge use of relevant conduct at sentencing; and (4) ineffective assistance of appellate counsel for failing to argue that the sentencing court should have applied a minor role reduction. See Motion. Petitioner also indicates that he presents the first three

issues as complaints about the ineffective assistance of his appellate counsel as well.  Motion at 14.

III. Petitioner's Ineffective Assistance Claims

Where a petitioner claims a deprivation of his constitutional right to effective counsel, as Petitioner does here, he must show that "(1) counsel's performance was deficient; and (2) counsel's deficient performance caused the petitioner prejudice."  Ross v. District Attorney of the County of Allegheny, 672 F.3d 198, 210 (3d Cir. 2012) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  "To show deficient performance, 'a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness …. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Ross, 672 F.3d at 210 (quoting Harrington v. Richter, 562 U.S. 86, 104 (2011)).  "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'"  Hinton v. Alabama, 571 U.S. 273, 274 (2014) (quoting Strickland, 466 U.S. at 690).  "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected . . . if they are based on professional judgment."  Strickland, 466 U.S. at 681.  A court "must be highly deferential" in evaluating counsel's performance and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 669.  With respect to prejudice, a petitioner must "'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in

the outcome.'" <u>Hinton</u>, 571 U.S. at 275 (quoting <u>Strickland</u>, 466 U.S. at 694); <u>see also</u> <u>Ross</u>, 672 F.3d at 210 (quoting <u>Richter</u>, 131 S. Ct. at 787).

All of Petitioner's allegations do not meet the <u>Strickland</u> test. With respect to "logo," the record clearly shows that trial counsel made the arguments Petitioner complains he did not—at trial (eliciting testimony indicating that "logo" did not refer to a drug quantity but to t-shirt logos (<u>see</u>, <u>e.g.</u>, Trial Transcript (Doc. 1041) at 43:22-44:18)) and at sentencing (through his Position with Respect to Sentencing Factors (Doc. 1011 at ¶ 4), his Sentencing Memorandum (Doc. 1016 at 5-8), and oral argument during the sentencing (Doc. 1047 at 12:8-15)). <u>See</u> Response at 5-6, 10. Trial counsel also raised arguments about the buyer-seller defense, contrary to Petitioner's assertions, and trial counsel's failure to raise arguments about relevant conduct attribution by the sentencing court is not unconstitutional. Response at 7, 9-11. The Court also incidentally notes that though Petitioner alleges ineffective assistance of trial counsel now, he stated under oath during his sentencing that he was satisfied with counsel's performance. Sentencing Transcript (Doc. 1047) at 10:17-20.

Second, Petitioner raises ineffective assistance allegations regarding his appellate counsel. The <u>Strickland</u> test applies to the performance of appellate counsel. <u>United States v.</u> <u>Mannino</u>, 212 F.3d 835, 840 n.4 (3d Cir. 2000). Appellate counsel may use their judgment to make strategic decisions about which appellate issues to raise to maximize the chances of a successful appeal. <u>Smith v. Robbins</u>, 528 U.S. 259, 288 (2000). For claims of ineffective assistance of appellate counsel, a petitioner must show that "there is a reasonable probability that the result of the appeal would have been different had counsel's stewardship not fallen below the required standard." <u>Mannino</u>, 212 F.3d at 845 (emphasis omitted). Given this standard, all of

4

Petitioner's three claims raised against his trial counsel discussed above also fail when applied to his appellate counsel.

Petitioner also specifically alleges that his appellate counsel failed to raise the minor role reduction denial on appeal.  Motion at 14-16.  However, again, appellate counsel is afforded the discretion to make decisions about which arguments to raise on appeal.  See Smith v. Robbins, 528 U.S. 259, 288 (2000).  Appellate counsel does not act ineffectively by failing to raise a meritless issue on appeal.  See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").  While the Court cannot state with absolute certainty how the Court of Appeals for the Third Circuit would have reacted to an appellate argument regarding the minor role reduction in this case, the circuit likely would have rejected such an argument. The sentencing court is afforded broad discretion in the application of U.S.S.G. § 3B1.2(b) (the minor role reduction provision), which is "heavily dependent on the facts of a particular case." United States v. Surine, 366 F. App'x 349, 353 (3d Cir. 2010) (internal citations omitted).  At sentencing, the Court heard argument from both sides regarding this issue, and the Court concluded that Petitioner was no less culpable than the average participant in the charged conspiracy and sentenced him accordingly.  See Response at 8-9; Sentencing Transcript (Doc.1047 at 17:8-19).

In sum, none of Petitioner's arguments on the merits are convincing, and the Petition (Doc. 1099) is DENIED.  No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.


April 18, 2022                                    s\Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge


cc (via First-Class U.S. Mail):

Keith Thomas
USMS 36760-068
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

cc (via ECF email notification):

All Counsel of Record